# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

THE UNITED STATES OF AMERICA,

                 Plaintiff,

vs.

JIHAD ANTHONY ZOGHEIB,

                 Defendant.

Case No. 2:16–cr–57–LRH–VCF

**REPORT AND RECOMMENDATION**

MOTION TO DISMISS (ECF NO. 32)

This matter involves the United States of America's prosecution of Defendant Jihad Anthony Zogheib.  Before the court are Zogheib's motion to dismiss (ECF No. 32), the Government's response (ECF No. 38), and Zogheib's reply (ECF No. 39).  The court held a hearing at 10:00am on July 8, 2016.  For the reasons stated below, the Zogheib's motion should be denied.

## I. Legal Standard

"The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be decided without a trial on the merits;" (1) improper venue and (2) charging the same offense in more than one count (multiplicity).  FED. R. CRIM. P. 12(b)(3).

When deciding a motion to dismiss, "the court should not consider evidence appearing outside the four former of the indictment and must accept the facts alleged in that indictment as true." *United States v. Gardley*, Case No. 2:10-cr-236-GMN-PAL, 2013 WL 4786208 at* 6 (D.Nev. Sept. 5, 2013).  "The indictment itself should be (1) read as a whole; (2) read to include fact which are necessarily implied; and (3) construed according to common sense." *Id.*

/// /// ///

**II. Discussion**

1.      Venue is Proper in the District of Nevada

In a wire fraud prosecution, venue is proper in this district if "the misuse of wires as well as any acts that cause such misuse" occurred in the District of Nevada. *United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002). "The government bears the burden of establishing venue by a preponderance of the evidence." *Id.*

At the motion to dismiss state, a simple allegation that the offense occurred in the District of Nevada is sufficient to establish venue in this district. *United States v. Jensen*, 93 F.3d 667, 669-70 (9th Cir. 1996). In *Jensen*, the government indicted the defendants in the Western District of Washington for sending an unseaworthy ship to sea. *Id.* at 669. The defendants moved to dismiss and argued that the alleged crime occurred on the high seas or in the District of Alaska. *Id.* Relying on a marine accident report and the affidavits of two marine accident investigators, the district court dismissed the indictment based on improper venue. *Id.*

On appeal, the Ninth Circuit held that the district court had erred when it considered extrinsic evidence on the pretrial motion to dismiss. *Id.* at 670. For the purposes of the motion to dismiss, venue was established when the indictment alleged the offenses occurred "within the Western District of Washington, and within the special maritime and territorial jurisdiction of the United States and upon the high seas." *Id.*

With regard to count one and counts three through eight, the superseding indictment alleges that "[f]rom in or about 2010, to in or about 2013, in the State and Federal District of Nevada" Zogheib committed eight separate acts of wire fraud. (ECF No. 23) With regard to count ten, the superseding indictment alleges that "on or about the dates listed below, in the District of Nevada" Zogheib committed an act of money laundering. (Id.) The Government's allegations that Zogheib's crimes were

committed in the District of Nevada is sufficient to survive a motion to dismiss. *Jensen*, 93 F.3d at 670.

Zogheib's request to dismiss counts one, three through eight, and ten should be denied.

2.      Zogheib's Statute of Limitations Argument is Premature

A defendant may raise a statute of limitations challenged in a Rule 12(b) motion. *United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989). "But a Rule 12(b) motion to dismiss is not the proper way to raise a factual defense." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993).

In *Gardley*, the defendant moved for dismissal under Rule 12(b) based on, among other arguments, the running of his offenses' five-year statute of limitations. 2013 WL 4786208 at* 7. He argued that he had withdrawn from the charged conspiracy one month before the earliest date encompassed by the five-year statute of limitations. *Id.* at 3. The district court denied the defendant's motion to dismiss and held that withdrawal from the conspiracy was "an affirmative defense intermeshed with question going to the merits." *Id.* (citing *United States v. Nukida*, 8 F. 3d 665, 669-670 (9th Cir. 1993)). Gardley's statute of limitations challenge was therefore prematurely raised in his motion to dismiss. *Id.*

Similarly, Zogheib's statute of limitations challenges to counts 4 and 5 of his superseding indictment are premature. Zogheib argues that each alleged fraud on each victim constitutes a separate criminal scheme, and that each scheme was completed when he received the money from the victims. (ECF No. 32) The Government counters that Zogheib was engaged in a complex, multi-victim scheme that did not end until June 2013. (ECF No. 38) What type of scheme Zogheib engaged in and when his scheme ended, "depends on what, if anything, the government is able to prove at trial." *Gardley*, 2013 WL 4786208 at* 7. Zogheib's request to dismiss counts 4 and 5 based on a violation of the applicable statute of limitations should be denied.

/// /// ///

3.      Counts 3, 4, and 5 are Not Multiplicious

Multiplicity occurs when the Government charges "a single offense in more than one count." *United States v. Garlick*, 240 F.3d 789, 793-94 (9th Cir. 2001).  "The test for multiplicity is whether each count 'requires proof of an additional fact which the other does not.'"  *Id.* (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).

Zogheib argues that counts three, four, and five improperly charge him with a crime for each email he sent to his victims.  (ECF No. 32)  Zogheib's argument misidentifies the purpose of the federal wire fraud statute.

The Ninth Circuit has repeatedly held that "each use of the mails or wires to be a discrete offense."  *Garlick*, 240 F.3d at 793.  In *Garlick*, the government charged the defendant on multiple counts related to his sale of defective helicopter blades.  *Id.* at 791.  Among other counts, the Government charged the defendant with two counts of wire fraud since he had sent and received faxes in connection with his fraudulent sale.  *Id.* at 794.

The defendant challenged his two wire fraud counts, arguing that the Government had improperly charged him each time he acted in furtherance of his scheme.  *Id.*  The Ninth Circuit rejected this argument, and expressly held that since the purpose of the federal wire fraud statute was to prevent the misuse of wires, the defendant was properly charged with wire fraud for each fax he sent or received as part of his scheme.  *Id.*

In *United States v. Molinaro*, the government charged the defendants with bank fraud.  11 F.3d 853, 855 (9th Cir. 1993).  The indictment included approximately thirty counts of bank fraud based on individual acts the defendants undertook to achieve their goal of defrauding a financial institution.  *Id.* at 858.  On appeal, the Ninth Circuit found the defendant's conduct only supported four, rather than thirty, counts of bank fraud.  *Id.* at 863.  The panel reasoned that if any act in furtherance of a scheme could be

charged as a distinct offense, a defendant could be charged with an infinite number of crime arising out of a single criminal scheme. *Id.* A more useful standard was that a defendant could be charged with a distinct crime for each "execution of the scheme." *Id.*

Although Zogheib's emails can be described as acts in furtherance of his overall fraud scheme, the holding in *Molinaro* is inapplicable. In *Garlick*, the Ninth Circuit expressly held that each misuse of wires may support its own wire fraud charge. 240 F.3d at 793. This holding displaces the broader holding in *Molinaro*, which addressed a bank fraud rather than a wire fraud statute. *See id.* Zogheib's request to dismiss counts three, four, and five should therefore be denied.

ACCORDINGLY,

IT IS HEREBY RECOMMENDED that Zogheib's motion to dismiss (ECF No. 32) be DENIED.

IT IS SO RECOMMENDED.

DATED this 6th day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE