# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\*\*\*

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

JIHAD ANTHONY ZOGHEIB,

          Defendant.

Case No. 2:16–cr–57–LRH–VCF

**ORDER**

MOTION TO COMPEL (ECF NO. 33)

Before the court are Zogheib's motion to compel (ECF No. 33), the Government's response (ECF No. 37), and Zogheib's reply (ECF No. 40).  For the reasons stated below, Zogheib's motion is denied.

## I. Discussion

1.    <u>The Government is Not Required to Disclose the Requested Information</u>

Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, [or] documents … if the item is in the government's possession, custody, or control and:

      (i) the item is material to preparing the defense;

      (ii) the government intends to use the item in its case-in-chief; or

      (iii) the item was obtained from or belongs to the defendant.

FED R. CRIM. P. 16(a)(1)(E).

In order to "obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality."  *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).  "Neither a general description of the information sought nor conclusory allegations of materiality

suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.*

In support of his request, Zogheib alleges that his victims' tax records will be "potentially exculpatory" (ECF No. 33) and be useful for impeachment (ECF No. 40)  These general allegations of materiality does not satisfy the standard the Ninth Circuit has set for pretrial discovery in criminal cases. *Mandel*. 914 F.2d at 1219.  Zogheib's request for his victims' tax information is therefore denied.

2.      Zogheib is Not Entitled to His Victims' Tax Information

Even if Zogheib had made a showing of materiality, the Internal Revenue Service Code does not permit this court to order the disclosure of his victims' tax information.  "Returns and return information shall be confidential, and except as authorized by this title." 26 U.S.C. § 6103.  One exception to the rule favoring confidentiality arises during judicial proceeding:

Returns and return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only – …

(B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;

(C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceedings; or

(D) to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

26 U.S.C. § 6103(h)(4)(B)-(D).

Section 6103 of the Internal Revenue Code promotes two policy objectives: (1) it assures taxpayers that their returns and return information will not become public knowledge; and (2) it ensures

2

that returns and return information will be provided to individuals with a material interest in such information.  *United States v. Prokop*, Case No. 2:09-cr-22-MMD-RJJ, 2012 WL 2375001 at* 3 (D.Nev. June 22, 2012).

Zogheib moves this court to compel production of his victims' tax returns and records: (1) K.W.'s 2010 and 2011 tax returns; (2) K.L.'s 2011 tax return; and (3) P.N.'s 2013 tax return.  (ECF No. 33)  He contends that the aforementioned exception enables this court to order the disclosure of his victims' tax information.  (*Id.*)  In support of his position, Zogheib relies on *United States v. Prokop*.

In *Prokop*, the Government began to suspect the defendant of wrongdoing when thousands of taxpayers claims inapplicable Americans with Disabilities Act tax deductions.   2012 WL 2375001 at* 1.  After the Government audited these taxpayers, it discovered that nearly all the suspect taxpayers had their returns prepared by the defendant.  *Id.*  The defendant was subsequently indicted on 21 counts of attempting to defraud the United States as well as aiding and abetting the preparation of materially false tax returns.  *Id.*  The magistrate judge ordered the Government to allow the defendant to access to his victims' tax return information.  *Id.* at 2.  The Government objected.  *Id.*

The district judge affirmed the order compelling disclosure of the tax return information.  *Id.* at 5.  The court noted that 26 U.S.C. § 6103(h)(4) allowed disclosure of taxpayer information in limited circumstances, emphasized that audits of taxpayers who had purchased the defendant's product were material to his defense.  *Id.*

Unlike the defendant in *Prokop*, Zogheib is charged with wire fraud and money laundering.  (ECF No. 1)  Zogheib has not explained how this prosecution is related to "tax administration."  26 U.S.C. § 6103(h)(4) (requiring that the judicial or administrative proceeding be related to tax administration in order to permit disclosure).  Indeed this court can think of no interpretation of these facts that would convert Zogheib's fraud scheme into an action related to "tax administration."  *Prokop*,

3

2012 WL 2375001 at 5-6.  It appears that all issues in this action could be resolved without reference to the victims' tax information.

The court also finds that ordering disclosure of the victims' tax information under section 6103(h)(2)(D) would not promote the policy objectives of the section.  The victims' privacy interests would be compromised if this court allowed Zogheib, an individual with a minimal interest in such information, to review their tax information.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Zogheib's motion to compel (ECF No. 33) is DENIED.

IT IS FURTHER ORDERED that the hearing on Zogheib's motion to dismiss (ECF No. 32) and his motion to compel (ECF No. 33) set for 10:00am on July 8, 2016 is VACATED.

IT IS SO ORDERED.

DATED this 6th day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4