MCGILLIVRAY LAW
GIA MCGILLIVRAY, ESQ.
Nevada Bar No. 008182
8275 S. Eastern Avenue, Suite 200-964
Las Vegas, Nevada 89123
Telephone:  (702) 406-9401
Facsimile:  (702) 478-6152
Email:  giamlaw@outlook.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>JIHAD ANTHONY ZOGHEIB,<br><br>　　　　　　Respondents. | CASE NO. 2:16-cr-00057-RH-VCF<br><br>**EX PARTE MOTION TO WITHDRAW AS COUNSEL OF RECORD** |

Petitioner, Jihad Anthony Zogheib, by and through his counsel of record, Gia McGillivray, files this Motion to Withdraw as Counsel of Record.  This Motion is based upon the attached points and authorities and all pleadings and papers on file herein.

DATED this 9th day of December, 2016.

McGILLIVRAY LAW

By:___/s/ Gia McGillivray_____
Gia McGillivray, Esq.
Nevada Bar No. 008182

## FACTUAL STATEMENT

Jihad Anthony Zogheib ("Mr. Zogheib") is charged in a superseding indictment with eight counts of wire fraud under 18 U.S.C. § 1343 and two counts of money laundering under 18 U.S.C. § 1957.  EFC No. 23.

At Mr. Zogheib's initial arraignment on March 11, 2016, the Office of the Federal Public Defender was appointed to represent Mr. Zogheib.  ECF No. 17.  Rebecca Levy entered an appearance on March 14, 2016.  ECF No. 14.

On September 12, 2016, Mr. Zogheib filed a Motion to Substitute Counsel, AFDC Rebecca Levy, or in The Alternative Motion to Proceed in Proper Person ("Motion").  EFC No. 53.  In support of his Motion, Mr. Zogheib cited to "unavailing meetings" with counsel, "voluminous and unanswered, trial preparation realed correspondences" and a complete breakdown in communication.  ECF No. 53 at 2.

On September 23, 2016, this Court granted Mr. Zogheib's Motion to substitute counsel and appointed the undersigned as counsel for Mr. Zogheib in place of the Federal Public Defender's Office.  ECF No. 56.

Within 2 weeks of the appointment, Counsel was able obtain the discovery from Ms. Levy, to speak with Mr. Zogheib via telephone on several occasions and to begin reviewing the discovery.  Counsel met with Mr. Zogheib on October 27, 2016.  Based upon a partial review of the discovery, Counsel advised Mr. Zogheib to refrain from certain communications and activities in which he continued to participate.

During Counsel's first, in-person meeting with Mr. Zogheib, Counsel discovered and advised Mr. Zogheib that Counsel had previously sued one of the government's key witnesses in a federal court action.  Although it did not appear that this created an actual conflict, Counsel explained to Mr. Zogheib that she would review all applicable rules of professional conduct to ensure that there was no issue of a conflict.  Absent a conflict, Counsel advised Mr. Zogheib that the only potental impact Counsel could foresee the the prior litigation having upon his case that the witness might be more antagonistic during any cross examination.

A complete review of applicable conflict rules confirmed that a conflict did not exist.  In the meantime, however, Counsel had cautioned and advised Mr. Zogheib to refrain from specific actions which had the potential of compromising his defense.  Despite repeated admonitions by Counsel, Mr. Zogheib refused to heed the advice of Counsel concerning conduct which Counsel

advised was imprudent.  During this time, Mr. Zogheib also filed several motions in proper person; eventhough, he unquestionably knew that Counsel had been appointed to represent him.

During a subsequent meeting with Mr. Zogheib, when Counsel requested clarification as to why Mr. Zogheib was filing motions in proper person and meeting with government agents without notification to Counsel, against the advise of Counsel and in Counsel's absence, Mr. Zogheib offered that he had sent a letter asking Counsel to withdraw as he believed a conflict existed.  Although Counsel had not received any correspondence from Mr. Zogheib, Mr. Zogheib provided Counsel with a copy of correspondence dated October 28, 2016, in which he requested that Counsel withdraw.  In addition to his belief that a conflict exists, Mr. Zogheib's action have rendered it difficult for Counsel to carry out Mr. Zogheib's representation in an effective manner.

Counsel has since spoken with Mr. Zogheib several times by telephone and he has continued to request that Counsel file a motion to withdraw.  Pursuant to Mr. Zogheib's request, Counsel files the instant motion.

## POINTS AND AUTHORITIES

Rule 1.16 of the Nevada Rules of Professional Conduct ("NRPC") provides, in pertinent part, that a lawyer may withdraw from representation where: (1) withdrawal can be accomplished without material adverse effect on the interests of the client."

In this case, the withdrawal can be accomplished without adverse effect on the interests of Mr. Zogheib as Counsel's withdrawal will not delay proceedings in this matter; there are no immediate timelines pending in the action.  Therefore, good cause exists and Counsel requests that the motion be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

The undersigned respectfully request that this Court grant the Motion to Withdraw as Counsel of Record in these proceedings.  Further, the undersigned respectfully requests that the Court appoint substitute counsel to represent Mr. Zogheib in these proceedings.

DATED this 9th day of December, 2016.

McGILLIVRAY LAW

By:   */s/ Gia McGillivray*
Gia McGillivray, Esq.
Nevada Bar No. 008182


IT IS SO ORDERED:

_____

UNITED STATES DISTRICT JUDGE,

DATED: _____, 2016

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the date of filing of the document named below with the Clerk of the Court, I cause a true and correct copy to be served in the following manner:

DOCUMENT(S) SERVED:   MOTION TO WITHDRAW AS COUNSEL OF RECORD

☒       ELECTRONIC SERVICE:    Pursuant to Local Rule LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

☒       UNITED STATES MAIL:  By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

        Jihad Anthony Zogheib, #33486048
        Nevada Southern Detention Center
        2190 E. Mesquite Avenue
        Pahrump, Nevada 89060

☐       OVERNIGHT COURIER:    By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally-recognized courier, addressed to the parties listed below at their last-known mailing address.

☐       FACSIMILE:  By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

☐       EMAIL:  By sending the above-referenced document via email to those persons at the email addresses set forth below:

                                      */s/Gia McGillivray*
                                  Gia McGillivray