# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JIHAD ANTHONY ZOGHEIB,<br><br>　　　　　　　Defendants. | Case No.: 2:16-cr-00057-LRH-VCF<br>　ORDER APPROVING<br>**JOINT UNOPPOSED EMERGENCY MOTION TO CONTINUE TRIAL [EXPEDITED TREATMENT REQUESTED]** |

The United State of America, by and through STEVEN W. MYHRE, Acting United States Attorney, and PATRICK BURNS, Assistant United States Attorney, and RANDALL ROSKE, Esq., counsel for Defendant JIHAD ANTHONY ZOGHEIB, hereby respectfully submit this Joint Unopposed Emergency Motion to Continue Trial.

## I.  Procedural Background

On February 23, 2016, the Government filed a grand jury indictment charging Defendant Jihad Anthony Zogheib (Zogheib) with the following: Counts 1-5 – Wire Fraud (18 U.S.C. § 1343); and Counts 6-7 – Money Laundering (18 U.S.C. § 1957). On April 5,

1

2016, the Government filed a superseding grand jury indictment, which charged Zogheib with: Counts 1-8 – Wire Fraud (18 U.S.C. § 1343); and Counts 9-10 – Money Laundering (18 U.S.C. § 1957). Calendar call and trial on the superseding indictment are currently set for December 28, 2017, and January 9, 2018, respectively. Trial has been continued by stipulation of the parties and order of the Court on five prior occasions. The Government and Zogheib now move for an order continuing the current trial setting.

## POINTS AND AUTHORITIES

### II.   Argument

**A. Legal Standard for Continuance of a Trial Setting**

Local Rule LCR 45-2, governing, "Continuance of Trial Date – Speedy Trial Act," provides the following:

> A request to continue a trial date, whether by motion or stipulation, will not be considered unless it sets forth in detail the reasons a continuance is necessary and the relevant statutory citations for excludable periods of delay, if any, under the Speedy Trial Act, 18 U.S.C. § 3161(h). The request must be accompanied by a proposed order that contains factual findings and relevant statutory citations, if any.

The Speedy Trial Act excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Some factors to be considered in assessing if a continuance of the trial date would further the ends of justice, and thus exclude time, include whether failure to grant a continuance would: (1) "result in a miscarriage of justice"; or (2) "deny

counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(i);(iv).[1]

### B. The Ends of Justice Would Be Promoted by a Continuance of the Current Trial Date Due to the Need for Significant Additional Investigation and Trial Preparation in the Exercise of Due Diligence

Defendant Jihad Zogheib's current counsel is the third attorney to be appointed to represent him. While defense counsel has accomplished significant review of discovery material and has engaged in diligent investigation, additional investigative time and trial preparation time are needed to reasonably prepare trial defenses. Moreover, Defendant Zogheib has recently propounded to the Government numerous requests for additional discovery and is seeking that material informally from the Government. For example, he is seeking extensive court records and investigative materials relating at least a half dozen individuals. Defendant Zogheib may have to seek motion practice with the Court or conduct additional investigations and seek subpoenas for some of that material. The Government also requires additional time to respond to Zogheib's requests and to prepare for trial once the requests are completed or litigated. Finally, the discovery in this case is voluminous and trial could potentially last two to three weeks with a potential defense case-in-chief being presented.

Both Zogheib and the Government commit to this being the last continuance of that trial that either party will request absent extraordinary circumstances. Zogheib is

---

[1] Pursuant to Ninth Circuit caselaw, time spent in plea negotiations is not excludable under the Speedy Trial Act. *See United States v. Ramirez-Cortez*, 213 F.3d 1149, 1155 (9th Cir. 2000) ("'[n]egotiation of a plea bargain is not one of the factors supporting [an ends-of-justice] exclusion'") (quoting *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983)).

currently under a state law judgment of conviction and prison sentence that ensures his continued confinement for a period exceeding any continued trial setting in this case. Zogheib is in custody and does not oppose the continuance. Due to the large and complex nature of the case, a continuance at this juncture would serve the ends-of-justice, avoid a miscarriage of justice taking into account the exercise of due diligence.[2]

### III. Conclusion

WHEREFORE, after consideration of the included facts, points, authorities, and arguments, the United States respectfully requests that this Court GRANT this motion and continue the trial date to a setting convenient to the Court.

DATED this 30th day of November, 2017.

Respectfully submitted,

STEVEN W. MYHRE
Acting United States Attorney

//s//

PATRICK BURNS
Assistant United States Attorney


RANDALL ROSKE, Esq.

//s//

Counsel for Defendant Jihad Anthony Zogheib

---

[2] While not germane to the Speedy Trial Act analysis, *United States v. Ramirez-Cortez*, *supra*, (and a fact the parties do not request the Court to rely upon), the parties have not yet exhausted the potential for a negotiation short of trial.

4

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   vs.<br><br>JIHAD ANTHONY ZOGHEIB,<br><br>           Defendant. | CASE NO:  2:16-cr-00057-LRH-VCF<br><br>**FINDINGS OF FACT** |

Based on the pending Joint Motion by the parties, and good cause appearing therefore, the Court finds that:

1.     Defendant Zogheib was first arraigned on the superseding indictment in this case on April 12, 2016. Trial has been continued five times by stipulation of the parties and order of this Court.

2.     Defendant Jihad Zogheib's current counsel is the third attorney to be appointed to represent him. While defense counsel has accomplished significant review of discovery material and has engaged in diligent investigation, additional investigative and trial preparation time are needed to reasonably prepare trial defenses.

3.     Defendant Zogheib is in custody but does not oppose this continuance.

4.     Defendant Zogheib has recently propounded to the Government numerous requests for additional discovery and is seeking that material informally from the Government. For example, he is seeking extensive court and investigative materials relating at least a half dozen individuals. Defendant Zogheib may have to seek motion practice with the Court or conduct additional investigations and seek subpoenas for some of that material.

5. The Government also requires additional time to respond to Zogheib's requests and to prepare for trial once the requests are completed or litigated.

6. The discovery in this case is voluminous and trial could potentially last two to three weeks with a potential defense case-in-chief being presented.

7. Denial of this request could result in a miscarriage of justice, taking into account the exercise of due diligence.

8. The additional time requested by this stipulation is excludable in computing the time within which the trial must start under the Speedy Trial Act, Title 18, United States Code, Section 3161 et. seq., considering the factors under Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

9. This is the sixth request for a continuance filed in this matter.

For all of the above-stated reasons, the ends of justice would be served best by a continuance of the trial date.

## ORDER

IT IS FURTHER ORDERED that the trial in *United States v. Jihad Anthony Zogheib*, 2:16-cr-00057-LRH-VCF, previously scheduled for January 9, 2018 at 9:00 a.m. is vacated and continued until March 13, 2018, at 8:30 a.m. in a Las Vegas Courtroom to be determined before Judge Larry R. Hicks. The Telephonic Calendar Call shall be continued to March 1, 2018, at 9:00 a.m. in Reno Courtroom 3 before Judge Larry R. Hicks.
THERE WILL BE NO FURTHER CONTINUANCES.

Dated this 30th day of November, 2017

By: _____
Judge Larry R. Hicks
United States District Court Judge