UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00057-LRH-VCF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JIHAD ANTHONY ZOGHEIB, | |
| Defendant. | |

The United States of America brings two motions in limine before the court. It first moves in limine to admit certified business records under Federal Rule of Evidence 902(11). ECF No. 84. It then moves in limine to admit evidence of additional victims under the inextricably intertwined doctrine or under Federal Rule of Evidence 404(b). ECF No. 86. Defendant Jihad Anthony Zogheib opposed both motions. ECF Nos. 107, 108. The United States then filed replies. ECF Nos. 109, 110.

**I.  BACKGROUND**

This matter arises from an alleged fraudulent scheme created by Zogheib for the purpose of obtaining money and property from multiple persons through false pretenses, representations, and promises. ECF Nos. 1, 23. Through the scheme, Zogheib allegedly defrauded multiple victims into lending him funds for purported business investments. ECF No. 23. But Zogheib did not use the funds for business purposes. *Id.* He instead used the funds for personal matters. *Id.* He then defrauded additional victims in order to repay the previously defrauded victims. *Id.*

///

1      The superseding indictment charges Zogheib with several counts of wire fraud in violation of 18 U.S.C. § 1343 and of money laundering in violation of 18 U.S.C § 1957. ECF No. 23. To do so, it includes "[a]llegations pertaining to some of the people from whom Zogheib fraudulently obtained money as part of the scheme," including K.L., K.W., and P.N. *Id.* The superseding indictment does not name any other specific victims. *See id.* It does however reference Zogheib's alleged use of local casinos to advance the fraudulent scheme. *Id.*

     The United States now moves in limine to admit certified business records. ECF No. 84. It produced the business records it intends to use at trial to Zogheib in 2016. *Id.* at 5; *see also* ECF No. 107 (failing to dispute the production of the documents). The United States also moves in limine to admit evidence of victims not described in the superseding indictment. ECF No. 86. As part of such evidence, it seeks to admit Zogheib's state-court conviction for submitting bad checks to local casinos in order to fund his gambling addiction. *Id.* His bad-check scheme occurred during and after the alleged period for the charged scheme herein. *Id.*

## II.    LEGAL STANDARD

     Relevant evidence is generally admissible at trial. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384–87 (2008). A court must resolve "any preliminary question about whether … evidence is admissible." Fed. R. Evid. 104.

     A party may bring a motion in limine to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). Alternatively, a party may bring a motion in limine to confirm the admissibility of evidence in advance of trial. *See United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming a ruling in limine that certain evidence could be admitted for specific purposes). The decision on a motion in limine is entrusted to the district court's discretion, including the decision of whether to rule on the motion prior to trial. *See Hawthorne Partners v.*

2

*AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on pretrial motions in limine are not binding on the court, and the court may amend, renew, or reconsider such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

## III. DISCUSSION

The court first decides the motion regarding the admissibility of the business records. It then decides the motion regarding evidence related to victims not specified in the superseding indictment.

### A. Business Records

The United States first moves in limine to admit certified business records under Rule 803(6) and Rule 902(11). ECF No. 84. Rule 902 outlines items of evidence that are self-authenticating, meaning the items of evidence "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. The list includes "[t[he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Subsections A to C of Rule 803 require that the record must have been: (1) made at or near the time of the event by someone with knowledge of the event, (2) kept in the course of a business' regularly conducted activity, and (3) made as a regular practice. Fed. R. Evid. 803(6)(A)-(C). Further, the party offering the evidence "must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11).

The United States argues that it has satisfied the requirements for the business records to be self-authenticating under Rule 902 because it attached certifications from the respective

3

custodians of records for each document. ECF No. 84. It moves for an order declaring that the certifications satisfy Rule 902(11), thereby relieving the United States from needing to subpoena twenty-three custodians of records to prove authenticity of the records at trial. ECF Nos. 84, 86. Zogheib argues that the motion is premature and requests the court to delay the decision until it can be made in the context of a trial. ECF No. 107 at 2. Because the decision will help prepare the parties for trial, the court declines to delay the decision.

Most of the certifications attached to the United States' motion satisfy Rule 902 requirements. First, the certifications include declarations or affidavits made by the respective custodians of records to each document. Second, the custodians of the records declare that the documents were made as a regular practice in the ordinary course of business near the time of the event summarized within the documents. Third, the United States notified Zogheib in 2016 of its intent to use the documents and produced the documents to Zogheib. *See United States v. Siders*, 712 F. App'x 601, 603 (9th Cir. 2017) (affirming district court's grant of a motion in limine to admit evidence under Rule 902). But the declaration at Bates 002331 and Bates 011809 do not satisfy the foundational requirements of Rule 902 because the custodian of record did not state that the associated documents were made at or near the time of the event. Thus, the court grants the motion in limine as to each set of records associated with the attached declarations except for those associated with the declarations at Bates 002331 and Bates 011809. The court tentatively admits the documents subject to other rules of evidence, *e.g.* relevancy requirements under Rule 403, which may be relied on at trial to challenge the admittance of the documents.

**B. Additional Victims**

In its second motion, the United States moves in limine to admit evidence related to Zogheib allegedly victimizing other persons and entities not named in the superseding indictment. ECF No. 86. It argues that the evidence should be admitted under the inexplicably intertwined document or under Rule 404(b). ECF No. 86. Zogheib opposes the United States' motion, arguing: (1) the motion is premature and should be resolved instead at trial; (2) the United States does not clearly describe the evidence it seeks to admit; (3) the motion is an attempt to amend the superseding indictment without the use of the grand jury; (4) the evidence

4

should be excluded under Rule 404(b); and the evidence should be excluded under Rule 403. ECF No. 108. As to his first argument, the court is prepared to tentatively rule on the admissibility of the evidence at this time in order to provide guidance for trial preparation. Additionally, the court finds the motion to be clear as it understands what evidence the United States seeks to admit. The court therefore proceeds to address the admissibility of the evidence and Zogheib's additional arguments below.

To begin, the court turns to Rule 404(b). Rule 404(b) prohibits "[e]vidence of a crime, wrong, or other act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). But such evidence "may be admissible … [to prove] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* The rule "applies solely to evidence of 'other' acts, not to evidence of the very acts charged as crimes in the indictment." *United States v. Loftis*, 843 F.3d 1173, 1176 (9th Cir. 2016). In the context of a wire-fraud case, uncharged executions of a fraudulent scheme are not prohibited evidence under Rule 404(b) because the uncharged executions are part of the overall scheme. *Id.* at 1177. This is because, in addition to proving specific executions of a scheme, the prosecution must also prove the existence of a fraudulent scheme. *Id.* Thus, the "uncharged transactions [that] are part of the charged offense— the fraudulent scheme as a whole—[are] not 'other' crimes or 'other' acts evidence." *Id.*

Additionally, the inexplicably intertwined doctrine allows for evidence to be admitted despite Rule 404(b) in certain circumstances. *Loftis*, 843 F.3d at 1177. "Evidence should not be treated as 'other crimes' evidence when the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined." *United States v. Sayakhom*, 186 F.3d 928, 937–38 (9th Cir. 1999) (citing *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987)) (internal punctuation marks omitted). In the Ninth Circuit, two categories of cases generally fall under the inextricably intertwined doctrine. *Loftis*, 843 F.3d at 1177. The first category allows evidence to be admitted if "it constitutes a part of the transaction that serves as the basis for the criminal charge." *Id.* at 1178. If uncharged transactions are part of the overall scheme alleged in the indictment, the uncharged transactions are inextricably intertwined with the charged crime.

5

Thus, the first inextricably intertwined exception allows for "uncharged transactions that are part of the overall scheme" to be admitted in a wire-fraud case. *Id.* The second category allows evidence to be admitted if "it [is] necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.*

The government first seeks to admit evidence that Zogheib defrauded additional victims that were not named in the superseding indictment. Zogheib allegedly defrauded the additional victims in connection with the named victims. Specifically, he allegedly defrauded the additional victims during the same time period as the named victims in order to repay the named victims (or vice versa). These allegations constitute uncharged transactions that, if true, are part of the overall scheme presented in the superseding indictment. The evidence related to the additional victims (referenced as E.A., D.T., and L.N. in the United States' motion) therefore falls under the inexplicably intertwined document. Because the evidence appears to be relevant and not unfairly prejudicial or cumulative, the court will permit the United States to present the evidence at trial subject to alternative evidentiary objections or the presentation of new information related to the court's instant decision.

The government next seeks to admit evidence regarding Zogheib's state-court conviction for writing fraudulent checks to casinos. After pleading guilty to the crime, Zogheib blamed his fraudulent activity on a gambling addiction. The government argues that the conviction demonstrates that Zogheib's gambling addition motivated his fraudulent conduct that is charged in the instant matter, making the bad-check crimes inexplicably intertwined to the fraudulent scheme alleged herein. However, without more, the court finds the attempt to connect a bad-check scheme to a fraudulent-business-investment scheme weak. Because the court is not convinced that the bad-check scheme was inexplicably intertwined with the scheme alleged in the superseding indictment, the court will defer a ruling on its admissibility at this time under the doctrine.

But the government offers another avenue in which to admit the evidence. The government seeks to admit the evidence to show Zogheib intended to defraud his victims and his motivation for doing so was his gambling addiction. It also argues that the bad-check conviction

will demonstrate that Zogheib knew the checks he wrote to the victims in this matter would not clear his account given that the checks were written during the same time period as his checks to casinos. The court recognizes that "intent, in particular, can be difficult to prove, as proof of intent frequently must rely on circumstantial evidence." *United States v. Brutzman*, 99 F.3d 1147 (9th Cir. 1996). Given the temporal proximity and the fraudulent nature of both schemes, the court finds the evidence relevant under Rule 403 and admissible under the exceptions provided for in Rule 404(b). As the result, the court issues a tentative ruling that allows evidence of Zogheib's gambling addiction and state-court conviction for the purposes of proving intent or motivation. The ruling is subject to evidentiary objections falling under other rules of evidence.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that the United States' motion in limine to admit certified business records under FRE 902(11) (ECF No. 84) is **GRANTED in part and DENIED in part.** The records related to the declarations found at Bates 002331 and Bates 011809 are denied admittance without further foundation establishing authenticity.

IT IS FURTHER ORDERED that the United States' motion in limine to admit evidence of additional victims under the inextricably intertwined doctrine or under FRE 404(b) (ECF No. 86) is **GRANTED.** The tentative ruling is subject to evidentiary objections that may arise at trial.

IT IS SO ORDERED.

DATED this 17th day of May, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE