UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JIHAD ANTHONY ZOGHEIB,<br><br>Defendant. | Case No. 2:16-cr-00057-LRH-VCF<br><br>MINUTE ORDER<br><br>December 13, 2023 |

PRESENT:  THE HONORABLE LARRY R. HICKS, UNITED STATES DISTRICT JUDGE
DEPUTY CLERK:    NONE APPEARING         REPORTER:  NONE APPEARING
COUNSEL FOR PLAINTIFF(S):           NONE APPEARING
COUNSEL FOR DEFENDANT(S):          NONE APPEARING

**MINUTE ORDER IN CHAMBERS**:

Before this Court is Defendant Jihad Zogheib's ("Zogheib") Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 279), Motion for Leave to Amend (ECF No. 280), Ex Parte Motion for Leave to File Exhibits under Seal (ECF No. 281), and Motion for Retroactive Application of the New Guideline Range 821 (ECF No. 283). A response by the Government appearing warranted,

IT IS HEREBY ORDERED that a responsive pleading shall be filed by the Government within 30 days of entry of this Order, a reply may be filed by the Defendant within 15 days following the Government's response, and the matter will be submitted to the court for decision or other appropriate action.

Also, before this Court is Zogheib's Motion for Appointment of Counsel (ECF No. 282). Prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions. *See Pennsylvania v. Finley,* 107 S.Ct. 1990, 1993, (1987); *United States v. Angelone*,

894 F.2d 1129, 1130 (9th Cir. 1990), *United States v. Gerrans*, No. 18-CR-00310-EMC-1, 2023 WL 3437292, at *1 (N.D. Cal. May 12, 2023). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

    The Court has evaluated Zogheib's likelihood of success on the merits and finds that Zogheib has demonstrated sufficient writing ability and legal knowledge to articulate his claims. Zogheib appears able to present his claims adequately, the issues are not complex, and he has not set forth any exceptional circumstances warranting appointment of counsel.

    IT IS THEREFORE ORDERED that Zogheib's Motion for Appointment of Counsel (ECF No. 282) is DENIED.

    IT IS SO ORDERED.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE